**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN OKAMOTO, AKA Flaco, AKA
Junio, AKA Karante, AKA Junio Karante,
AKA Juan Antonio Okamoto, AKA Jose
Antonio Perales, AKA Tito,

Defendant-Appellant.

No.    20-50281

D.C. No. 2:06-cr-00545-SVW-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Juan Okamoto appeals from the district court's judgment revoking

supervised release and challenges three conditions of supervised release imposed

upon revocation.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo, *see United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009), we vacate the challenged conditions and remand.

We agree with the parties that standard conditions of supervised release five, six, and fourteen, which were reimposed by the district court upon revoking Okamoto's supervised release, are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018). Accordingly, we vacate these conditions and remand to the district court to impose whatever alternative conditions it deems appropriate. *See United States v. Ped*, 943 F.3d 427, 433-34 (9th Cir. 2019).

**VACATED and REMANDED with instructions.**